No. 13-5192

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ALEC L., et al.,

Plaintiffs and Appellants,

v.

GINA McCARTHY, et al.,

Defendants and Appellees,

CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION, et al.,

Intervenors for Defendants and Appellees.

On Appeal from the United States District Court
for the District of Columbia (No. 11-cv-02235 (RLW))

**CORRECTED MOTION TO PUBLISH COURT OPINION**

THEODORE HADZI-ANTICH
  D.C. Circuit Bar No. 53056
M. REED HOPPER
  D.C. Circuit Bar No. 44739
  Pacific Legal Foundation
  930 G Street
  Sacramento, California 95814
  Telephone:  (916) 419-7111
  Facsimile:  (916) 419-7747
Counsel for Intervenors California Dump
Truck Owners Association, et al.

California Dump Truck Owners Association (now known as California Construction Trucking Association), Dalton Trucking, Inc., Delta Construction Company, Inc., Engineering & Utility Contractors Association (now known as United Contractors), and Southern California Contractors Association, Inc., respectfully move this Court under D.C. Cir. Rule 36(f) to publish the June 5, 2014, unpublished decision in *Alec L. v. McCarthy*, No. 13-5192 (D.C. Cir.).

### ARGUMENT AS TO WHY PUBLICATION IS NECESSARY

Publication is warranted because this Court's opinion resolved a question of nationwide importance by calling attention to the fact that there is no such thing as a federal public trust doctrine—let alone a public trust in the atmosphere. D.C. Cir. Rule 36(c)(2)(C); *Alec L.*, slip op. at 2. Issuance of a precedential opinion in this case will also advance the public interest in judicial economy by discouraging similar litigation in other federal courts. D.C. Cir. Rule 36(c)(2)(G). The underlying case was launched as part of a coordinated effort to use state and federal courts to make a political statement, without regard to basic requirements like establishing jurisdiction and the existence *vel non* of a public trust in the air. Such misuse of the judicial system affects the public interest by imposing unnecessary costs on the judicial system, defendants, affected parties like the intervenors in this case, and even plaintiffs, who were supported by nonprofit advocacy groups. This Court should

publish the decision in the interest of judicial economy. *Toca Producers v. F.E.R.C.*, 411 F.3d 262, 267 (D.C. Cir. 2005) (the public has an interest in judicial economy).

Plaintiffs in this case were among a group of litigants who filed 51 coordinated lawsuits across the country intended to publicize a particular approach to the regulation of greenhouse gasses. The coordinated lawsuits claimed that the Public Trust Doctrine—traditionally only applied to navigable waterways—also encompassed the atmosphere. *Alec L.*, slip op. at 1. The complaints sought a declaration that state and/or federal governments, whatever their regulatory structures or legislative postures, were inadequately managing an alleged public trust in the atmosphere to the detriment of future generations. *Id.* The lawsuits were filed in the name of minors through their guardians and coordinated by the advocacy groups, Our Childrens' Trust and Kids vs. Global Warming.[1] Most of the state cases were dismissed under the political question doctrine or for lack of jurisdiction,[2] but a few cases are still ongoing.[3] *See Chernaik v. Kitzhaber*, No. A151856, 2014 WL 2608834

---

[1] Additional challenges were launched as regulatory petitions. *See*, *e.g.*, Plaintiffs' Original Petition, *Bonser-Lain v. Tex. Comm'n on Envtl. Quality*, No. D-1-GN-11-002194, 2011 WL 8202306 (Tex. Dist. Ct. filed July 21, 2011).

[2] *See*, *e.g.*, *Svitak v. Washington*, No. 69710-2-I, 2013 WL 6632124 (Wash. Ct. App. Dec. 16, 2013) (appellate court affirmed dismissal for failure to state a claim and lack of subject matter jurisdiction).

[3] For further discussion on the plaintiffs, arguments and disposition of some of these literally dozens of cases, please see Donald, J. Wylie, New Mexico court refuses to
(continued...)

- 3 -

(Or. Ct. App. June 11, 2014) (reversing order of dismissal because plaintiffs were entitled to judicial declaration on the merits of their allegations).

This particular "public trust" case is unique because it is the only one to have reached the federal courts, and its history exemplifies the impact that this litigation has on the public interest in judicial economy. This case was filed over three years ago in the Northern District of California and subsequently transferred to the District Court for the District of Columbia. No. 11-cv-02203-EMC, Dkt. #131. The district court dismissed the case for lack of subject matter jurisdiction. No. 11-cv-02235-RLW, Dkt. #172. Thereafter, this Court affirmed dismissal. No. 13-5192, Doc. #1496137. ("The plaintiffs point to no case, however, standing for the proposition that the public trust doctrine—or claims based upon violations of that doctrine—arise under the Constitution or laws of the United States, as would be necessary to establish federal question jurisdiction."). Despite lacking jurisdiction, this single case took over three years to resolve and generated 187 docket entries during the district court proceedings and an additional 58 docket entries on appeal. It also imposed undue costs on interested parties—Appellee-Defendant-Intervenors alone incurred hundreds

---

[3] (...continued)
take steps to apply public trust doctrine to the atmosphere, http://www.lexology.com/library/detail.aspx?g=01301db1-37aa-4886-b4a4-ae6c2b22b8f8 (last viewed June 25, 2014).

of hours of attorney time and thousands of dollars in costs defending against this lawsuit.

In this case, and nearly every other case in this wave of coordinated litigation, Plaintiffs failed to put forth a cognizable legal theory to support their claim. The prospect that another interest group might burden the judicial system nationwide and waste its limited resources with meritless claims is contrary to the public interest. Publication of the opinion in this case is a necessary deterrent and a cost-effective gesture in support of judicial economy.

## CONCLUSION

For the foregoing reasons, Intervenors respectfully request the court grant this motion to publish the June 5, 2014, opinion concluding Case No. 13-5192.

DATED: July 3, 2014.

                                                Respectfully submitted,

                                                By   s/ M. REED HOPPER
                                                THEODORE HADZI-ANTICH
                                                M. REED HOPPER
                                                Counsel for Intervenors California Dump
                                                Truck Owners Association, et al.

# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2014, I electronically filed the foregoing CORRECTED MOTION TO PUBLISH COURT OPINION with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                          s/ M. REED HOPPER
                                          M. REED HOPPER